UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

Eastern District of Kentucky
F I L E D
NOV 2 9 2018
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

WADE POE,                          )
                                   )
        Plaintiff,                 )          Civil No. 0:18-068-HRW
                                   )
v.                                 )
                                   )
UNITED STATES OF AMERICA,          )          **MEMORANDUM OPINION**
                                   )          **AND ORDER**
        Defendant.                 )
                                   )

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Wade Poe is a prisoner who was recently confined at the Federal Correctional

Institution (FCI) in Ashland, Kentucky, and is now incarcerated at FCI – Petersburg

in Hopewell, Virginia. Proceeding without a lawyer, Poe filed a complaint with this

Court asserting claims against the United States pursuant to the Federal Tort Claims

Act (FTCA). [D. E. No. 1]. The United States has now filed a motion to dismiss

Poe's complaint or, in the alternative, a motion for summary judgment. [D. E. No.

14]. However, for the reasons set forth below, the Court will deny the United States'

dispositive motion and, instead, it will refer this case to a Magistrate Judge for

further proceedings, including the initiation of discovery.

**I.**

Poe arrived at FCI – Ashland in November of 2015. [D. E. No. 14-2 at ¶ 4]. Poe alleges that, on the evening of May 10, 2016, he reported to the housing unit officer that he was having difficulty urinating and, in fact, had not urinated in over 24 hours. [D. E. No. 1 at ¶ 1]. Poe alleges that, although he was experiencing extreme pain and discomfort, the unit officer told him to "go to bed" and "suck it up" and added that there was "no medical staff on hand." [*Id.* at ¶ 3]. Poe alleges that he followed the officer's instructions and returned to his bunk. [*Id.* at ¶ 4].

According to Poe, at some point after returning to his bunk, he lost consciousness due to an infection and the pain in his bladder. [*Id.* at ¶ 6]. Poe claims that the next thing he remembers is a case manager and another inmate waking him up, and he "vaguely recalls being asked by these two individuals if he was okay but does not remember being able to formulate a coherent response due to his delirium." [*Id.* at ¶ 7]. Poe next recalls regaining consciousness in a local hospital on May 11, 2016 at approximately 8:30 p.m. [*Id.* at ¶ 8].

According to Poe's medical records, on May 11, 2016, at approximately 4:05 p.m., he was found alert and oriented but was unresponsive to questions about his condition. [D. E. No. 14-3 at 1-2 at ¶ 3]. Upon arriving at the Health Services Unit, Poe's temperature was 103.1, and his urine screen was positive for blood, leukocytes, and nitrites. [*Id.* at 2 at ¶ 3]. The medical staff provisionally diagnosed

2

Poe with urosepsis and transported him to the emergency room at a local hospital. [*Id.*].

At the hospital, Poe complained of a fever and confusion, and he said that his symptoms began the day before. [*Id.* at 2 at ¶ 4]. Poe also indicated that he "felt hot with chills and sweats" and reported painful urination and an urge but inability to void. [*Id.*]. Poe was ultimately diagnosed with sepsis secondary to a urinary tract infection. [*Id.* at 2 at ¶ 5]. Poe was provided prescriptions intravenously, including Levophed and Levaquin. [*Id.*]. Poe's blood pressure and mental activity improved, and he was started on Flomax. [*Id.*]. Poe remained in the hospital for five days, returning to FCI – Ashland on May 16, 2016. [*Id.*]. Over the next several months, Poe was repeatedly evaluated and treated for issues related to his medical condition, and he remained on Flomax until well in to 2018. [*Id.* at ¶¶ 6-16].

Poe eventually filed an administrative tort claim with the Bureau of Prisons. [D. E. Nos. 1-8 and 1-9]. Poe claimed, among other things, that when he first reported his trouble urinating to the housing unit officer, he was denied adequate medical care and thus was "placed in a life-threatening situation." [D. E. No. 1-9]. The Bureau of Prisons, however, denied Poe relief. [D. E. No. 1-10].

Poe then filed this lawsuit against the United States because of the allegedly negligent or wrongful acts of Government employees. [D. E. No. 1 at 1]. The United States has now filed a motion to dismiss Poe's complaint or, in the alternative, a

3

motion for summary judgment. [D. E. No. 14]. That dispositive motion is now pending before this Court.

## II.

As an initial matter, the Court will treat the United States' motion as one for summary judgment because it has attached and relied upon documents and declarations extrinsic to the pleadings. *See* Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). That said, the Court will deny the United States' motion and, instead, it will refer this case to a Magistrate Judge for further proceedings, including the initiation of discovery.

The United States argues that Poe's complaint should be dismissed because he is asserting a medical malpractice claim, he is required to put forth expert testimony to prove up that claim, and he has failed to do so. [D. E. No. 14-1 at 8-9]. However, construing Poe's pro se submission liberally, he appears to be claiming that the United States is liable under the FTCA because at least one member of the prison's non-medical staff allegedly refused to provide him with access to care when he first sought treatment on May 10, 2016, and, in any event, the prison had "no medical staff on hand" on that date. [*Id.* at 2]. Thus, it appears that Poe's negligence claims are actually based on alleged facts that predate and exist independent of his receipt of medical care—i.e., the actions of a housing unit officer and the way the prison staffs its medical department. In short, based on the record currently before

the Court, Poe's claims are not accurately characterized as pure medical malpractice claims.

Moreover, even if the Court assumes that Poe will eventually need expert testimony to prove up his negligence claims, which the Court does not decide at this point, it would be premature to grant summary judgment at this stage in the litigation. After all, "[t]he general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) (citations omitted); *see also Lytle v. United States*, No. 5:18-cv-059-KKC, 2018 WL 5268613, at *4 (E.D. Ky. Oct. 23, 2018) (denying the United States' motion for summary judgment and noting that the pro se plaintiff had not yet had a sufficient opportunity for discovery). Here, Poe has not yet had the opportunity to engage in discovery and, thus, it would be premature to grant summary judgment in the United States' favor at this stage in the litigation.

### III.

In light of the foregoing analysis, it is hereby **ORDERED** as follows:

1. The United States' motion to dismiss or, in the alternative, motion for summary judgment [D. E. No. 14] is **DENIED**.

2. Pursuant to 28 U.S.C. § 636(b), this matter is **REFERRED** to a United States Magistrate Judge to conduct all further pretrial proceedings,

including overseeing discovery and preparing proposed findings of fact and recommendations on any future dispositive motions.

3. The Clerk of the Court shall **ASSIGN** this matter to a Magistrate Judge.

This 29th day of November, 2018.

 Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge